UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

CHANG YOUNG BAK,

                Plaintiff,

          – against –

METRO-NORTH RAILROAD COMPANY
ET AL.

                Defendants.

-----------------------------------------------------------x

**OPINION**

12 CV 3220

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/13

Chan Young Bak ("Bak") brings this present negligence and wrongful death action individually and as administrator of the estate of Hyang Ja Bak Lee, Bak's deceased mother. Bak alleges that defendants created and maintained an unsafe condition wherein the Bridgeport Train Station had an uncovered area on the southbound platform with a 25 foot drop off. On April 26, 2011, Lee fell from this part of the platform, causing her to fracture her legs and head and ultimately causing her death.

One of the defendants, City of Bridgeport, CT, brings the present motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Bak opposes this motion arguing that it is untimely, and that the court has personal jurisdiction pursuant to Fed. R. Civ. P. 4(k).

The City of Bridgeport's motion to dismiss is granted because Fed. R. Civ. P. 4(k) cannot provide personal jurisdiction for an original party to a lawsuit,

1

and the City of Bridgeport, as an alleged joint tortfeasor, is not a "necessary party" under Fed. R. Civ. P. 19.

## The Complaint

The Parties

Hyang Ja Bak Lee died on April 26, 2011 from a fall on the Bridgeport Train Station. Chang Young Bak, a resident of Bronx, New York, is Lee's child. Bak brings the present action individually to recover as the son of Lee, and as administrator for Lee's estate.

The City of Bridgeport is a municipality existing under the laws of the state of Connecticut. The complaint alleges that the City of Bridgeport owned, controlled, possessed, operated, maintained, managed, and leased the Bridgeport Train Station where the incident occurred. Similar allegations are made against the eight other defendants in this action including Metro-North Railroad Company, Amtrack, Fusco Management Company, and ABM Industries Inc.

The Incident

On April 26, 2011, Lee was waiting on the southern border of the platform of the Bridgeport Train Station. Lee was lawfully present on the platform having purchased a ticket and was waiting to board the MTA/Metro North train to New York. The area contained no warnings and no barriers to protect individuals from a 25 foot drop that bordered the platform. At approximately 11:35 a.m. Lee fell from that portion of the platform and died.

Bak is suing for the loss of companionship from his mother, his emotional suffering from the death of his mother, and lost financial support. On behalf of Lee's estate, Bak also sues for the funeral and administrative expenses associated with Lee's death.

## Analysis

Timeliness

Fed. R. Civ. P. 12(a) requires a defendant to serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(b) and (h) together provide that if a defendant wants to assert the defense of lack of personal jurisdiction in a motion, it must do so before or within its first responsive pleading. Although it is not explicit, several courts and the parties to this case appear to interpret this to require that a defendant file a motion to dismiss for lack of personal jurisdiction within 21 days of being served the complaint. See Sunlight Solutions, LLC v. Birnbaum, No. 06-CV-683A, 2008 WL 724215 at *2 (March 17, 2008); Pearson-Fraser v. Bell Atlantic, No. 01 Civ. 2343 (WK), 2003 WL 43367 at *2 n.1 (Jan. 6, 2003). However, some courts in this district have held that a defendant must make such a motion in simply "a reasonably timely fashion" or otherwise it is deemed waived. See Luv N' Care, Ltd. v. Babelito, S.A., 306 F. Supp. 2d 468, 472 (S.D.N.Y. 2004).

Either way, courts are reluctant to find that a defendant has waived personal jurisdiction defenses based on untimeliness of responsive pleading. Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 60 (2d cir. 1999). Courts have

3

therefore been willing to proceed to the merits of a motion to dismiss for lack of personal jurisdiction even when it is arguably untimely. See Sunlight Solutions LLC, 2008 WL 724215 at *2.

The parties do not dispute that the City of Bridgeport's responsive pleading, filed on July 20, 2012, was late. It was due on July 2, 2012. The City of Bridgeport however, asks the court to excuse its delay for the following reasons. The delay, according to the City of Bridgeport, was due to the need to submit a pro hac vice motion, which required obtaining a good standing certificate from the Connecticut Grievance Committee. This motion was not filed and granted until June 29, 2012, at which point the City of Bridgeport had only three days to file a timely response. Furthermore, there is no allegation that Bak was prejudiced by the delay since the City of Bridgeport claims, and Bak does not dispute, that Bak's counsel was informed of and did not object to a slight delay.

Given that the delay was not extensive, and there is no indication that Bak or the judicial process was prejudiced by the delay, or that City of Bridgeport was acting in bad faith, the court proceeds to the merits.

Whether this Court has Personal Jurisdiction over City of Bridgeport

    A. Legal Standard

In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists. Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34-35 (2d Cir. 2010). This

requires the plaintiff to allege facts that, if taken as true, would suffice to establish jurisdiction over the defendant. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010). In determining whether a plaintiff has satisfied its burden, the court "will not draw 'argumentative inferences' in the plaintiff's favor." Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). However, the court will "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations." Id.

The elements of a prima facie case for personal jurisdiction are: 1) plaintiff's service of process upon defendant was procedurally proper, 2) a statutory basis for personal jurisdiction exists, and renders the service of process proper, and 3) the exercise of personal jurisdiction comports with constitutional due process principles. Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59-60 (2d Cir. 2012). The last requirement is a two-part analysis examining 1) whether defendant had minimum contacts with the subject jurisdiction to justify the court exercising personal jurisdiction, and 2) whether the exercise of personal jurisdiction is reasonable and comports with notions of fair play and justice. Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945).

B. Statutory Basis for Personal Jurisdiction C.P.L.R. § 302

Bak's complaint states that the basis of this court's personal jurisdiction over the City of Bridgeport is New York's Long Arm Statute, C.P.L.R. § 302. However, in response to City of Bridgeport's motion to dismiss, Bak alleges that

this court has personal jurisdiction over the City of Bridgeport pursuant to Fed. R. Civ. P. 4(k), and makes no allegations concerning what provision of C.P.L.R. § 302 would apply and how.[1]

The court is unable to find that N.Y. C.P.L.R. § 302 provides personal jurisdiction over the City of Bridgeport. Bak alleges that Bridgeport, along with other defendants owned the train station at issue in this case. However, Bak fails to allege how this ownership is connected to business in New York, and more importantly, how the New York business transactions are related to this cause of action for negligence occurring in CT. See Swindell v. FL East Coast Ry. Co., 42 F. Supp. 2d 320, 325 (S.D.N.Y. 1999). Finally, Bak alleges many ways in which Bridgeport financially benefits from the State of New York in general. However, C.P.L.R. § 302 is a specific jurisdiction provision, requiring that the cause of action arise from defendant's connection to New York. These allegations are also insufficient to find that Bridgeport is doing business in New York as

C. Statutory Basis for Personal Jurisdiction - 4(k)(1)(B)

In this case the parties do not dispute that the first requirement was satisfied - that service of process was proper. The dispute involved is whether Fed. R. Civ. P. 4(k)(1)(B) provides the statutory basis for this court to exercise

---

[1] Bak's response to Bridgeport's motion to dismiss claims that "Bridgeport incorrectly cites to C.P.L.R. § 302 as the controlling statute in determining personal jurisdiction." Bak also makes no other allegation regarding how N.Y. C.P.L.R. § 302 would provide jurisdiction over the City of Bridgeport.

6

personal jurisdiction over the City of Bridgeport. Rule 4(k)(1)(B), also known as the "bulge rule" states that service of process is sufficient to establish personal jurisdiction over a defendant "who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued."

The City of Bridgeport does not contest that it was served within 100 miles from where the summons was issued in this court. The issue regarding the application of Rule 4(k)(1)(B) is that the City of Bridgeport was originally named as a defendant in Bak's complaint and amended complaint and was thus not joined as a defendant pursuant to Rule 14 or Rule 19.

Bak concedes that Rule 14 is inapplicable in this case since the City of Bridgeport was not an outside party impleaded pursuant to Rule 14. The City of Bridgeport maintains that Rule 19 is similarly inapplicable and cannot provide a basis for personal jurisdiction under Rule 4(k)(1)(B). Bak claims that the City of Bridgeport is a necessary party pursuant to Rule 19. The fact that it was an original party rather than a joined party, it argues, is immaterial.

However, Bak offers no legal support for its assertion that it is immaterial for purposes of Rule 4(k) whether the City of Bridgeport was joined pursuant to Rule 19. Instead courts have held that "a plaintiff may not use the bulge provision [Fed. R. Civ. P. 4(k)(1)(B)] to obtain service [and thus personal jurisdiction] on an original defendant." Prince of Peace Enters., Inc. v. Top Quality Food Mkt., LLC, No. 07 Civ. 00349 (RJH), 2007 WL 704171, at *2

7

(March 7, 2007); see also, Roscoe-Ajax Const. Co. v. Columbia Acoustics & Fireproofing Co., 39 F.R.D. 608, 609-10 (S.D.N.Y. 1966); Munsif v. Am. Bd. Of Internal Medicine, No. 11-5949, 2012 WL 3962671 at *8 (Sept. 11, 2012) (holding Rule 4(k)(1)(B) "does not provide an independent basis for personal jurisdiction over a defendant named in the plaintiff's original complaint"). However, in Atlantic Mutual Ins. Co., Inc. v. CSX EXPEDITION, the court was willing to assess whether a defendant, who was not joined pursuant to Rule 19, nonetheless was a necessary party under Rule 19, such that personal jurisdiction was proper under Rule 4(k)(1)(B). No. 00 CIV 7668 (LMM), 2002 WL 202195, at *2 (S.D.N.Y. Feb. 7, 2002).

While the statutory language and case law more strongly support the City of Bridgeport's position, Bak makes an important practical point. If the court were to dismiss the complaint against Bridgeport on the grounds that it was not joined pursuant Rule 19, but Bridgeport was a necessary party, the five defendants who have already brought cross-claims against Bridgeport could join Bridgeport pursuant to Rule 19. Therefore, if the court were to find that Bridgeport were a necessary party, there may be a persuasive reason to overlook the fact it was not joined pursuant to Rule 19, and find personal jurisdiction under Rule 4(k)(1)(B).

However, as discussed below, because the court finds that Bridgeport is not a necessary party under Rule 19, there is no personal jurisdiction under Rule 4(k).

8

<u>Whether City of Bridgeport is a Required Party Under to Rule 19</u>

Fed. R. Civ. P. 19(a) provides that a required party is (a) one whose absence precludes the court from according complete relief among existing parties, or (b) who claims an interest in the subject of the suit and (i) deciding the case without the person may impede the person's ability to protect their interest or (ii) leave an existing party at risk of incurring inconsistent obligations because of the missing party's interest. The moving party bears the burden of demonstrating that a party is necessary. <u>Greenwich Life Settlements, Inc. v. ViaSource Funding Grp., LLC</u>, 742 F. Supp. 2d 446, 455 (S.D.N.Y. 2010).

In negligence actions for money damages, as in this case, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." <u>Temple v. Synthes Corp. Ltd.</u>, 498 U.S. 5, 8 (1990). The Advisory Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." 28 U.S.C. App. P. 595. Courts have held that since a tortfeasor who is found liable can seek contribution from a joint tortfeasor, defendants are not prejudiced by the failure to join all tortfeasors in one action. See <u>Crowthers McCall Pattern, Inc. v. Lewis</u>, 129 B.R. 992, 1003 (S.D.N.Y. 1991).

9

Bak claims that Bridgeport is a necessary party because in its absence the existing parties would not receive complete relief. Specifically, five co-defendants have asserted cross-claims against Bridgeport regarding the City's ownership, control, construction and oversight of the station where the incident occurred. The claims against Bridgeport appear, however, to simply be that the City is jointly and severally liable for the incident. Bak's complaint alleges that the City controlled, possessed, operated, maintained and managed the Bridgeport Train Station. These same allegations are also made against defendants such as Metro-North Commuter Railroad Company. The cross claims made by co-defendants are similarly allegations that the incident was caused by the negligence of the Bridgeport. Overall there is no evidence that this situation is different from a negligence action with multiple potential joint tortfeasors. Accordingly, the court can grant complete relief among the parties without the presence of Bridgeport.

Bak also claims that Bridgeport is a Rule 19 necessary party since it claims an interest in the subject of the litigation. See Rule 19(a)(1)(b). However, a party is not considered a necessary party simply because it has a "strong interest" or if it would be "adversely affected" by the outcome of the litigation. MasterCard Intern. Inc., 471 F.3d at 387. Instead, necessary parties "are only those parties whose ability to protect their interests would be impaired *because of* that party's absence from the litigation." Id. Accordingly, if a court will be required to make determinations with respect to the rights and

10

obligations of a non-party that may provide the basis of collateral estoppel in another proceeding, there may be reason to find the party is a necessary one. Davidson Well Drilling, Ltd. v. Bristol-Myers Squibb Co., No. 09 Civ. 1431(SAS), 2009 WL 2135396, at **5-6 (S.D.N.Y. July 16, 2009).

According to Bak, the City of Bridgeport has an interest it needs to protect since co-defendants and plaintiffs seek to hold Bridgeport liable. However, if Bridgeport were not a defendant, the court would not be adjudicating Bridgeport's liability, but rather the liability of the other defendants. Thus Bak's claims that Bridgeport must be a party to protect its liability are mistaken.

Furthermore, Bak cannot be the one to assert the City of Bridgeport's interest in the litigation, and thus for this reason the court rejects Bak's arguments. See Cont'l Cas. Co. v. Am. Home Assur. Co., No. 05 Civ. 7874, 2008 WL 1752231, at *4 (S.D.N.Y. Apr. 14, 2008) ("A party named in the litigation cannot assert the interest on the absent party's behalf.").

**Conclusion**

The court grants Bridgeport's motion to dismiss for lack of personal jurisdiction.

Dated: New York, New York
March 26, 2013

_____
Thomas P. Griesa
U. S. District Judge

11