UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                                          :
                                          :
BAK, *et al.*,                            :
                                          :
                    Plaintiffs,           :     12 Civ. 3220 (TPG)
                                          :
          v.                              :     ECF CASE
                                          :
METRO-NORTH RAILROAD COMPANY.,            :     **OPINION AND ORDER**
*et al.*,                                 :
                                          :
                    Defendants.           :
                                          :
------------------------------------------x

In an April 16, 2015 decision, the court denied a motion for summary judgment with respect to defendants Metro-North, ABM, and Fusco Management. A jury trial is scheduled to begin May 11, 2015.

Before the court are two motions *in limine*. (*See* Dkt. Nos. 236, 242.) The court addresses some, but not all, aspects of the pending motions here. Those aspects of any pending motion *in limine* not resolved by this order will be addressed by the court from the bench at trial.

### 1. Defendants' Joint Motion *in Limine* (Dkt. No. 236)

The first motion *in limine*, filed jointly by all defendants remaining in this action, seeks to preclude: (1) testimony of plaintiff's experts Berkowitz, Thanning, Serby, and Crakes; (2) evidence of the decedent's pre-impact terror and conscious pain and suffering; (3) evidence of loss of household services; and (4) plaintiff's punitive damages claim. The motion also seeks

reconsideration of the court's finding of a duty of care on the part of defendant ABM. (*See* Dkt. No. 242.)

Having reviewed the parties' arguments, the court rules as follows:

A. The motion is denied to the extent it seeks to preclude the testimony of plaintiff's experts Berkowitz, Thanning, Serby and Crakes.

B. The motion is denied to the extent it seeks to preclude evidence of the decedent's pre-impact terror and conscious pain and suffering.

C. The court reserves judgment as to whether evidence regarding loss of household services is admissible in this case.

D. The motion is granted to the extent it seeks to preclude argument that punitive damages may be awarded against defendant Metro-North. The court reserves judgment as to whether plaintiff may seek punitive damages against defendants Fusco or ABM.

E. The motion is granted to the extent it seeks to clarify the duty owed by defendant ABM to the decedent. The court agrees that ABM's duty to the decedent was limited only to the duty to perform regular patrols and of the platform and other relevant areas. The court will not instruct the jury that ABM owed a duty to monitor cameras surveilling the platform.

### 2. Defendant Metro-North's Joint Motion *in Limine* (Dkt. No. 242)

The second motion *in limine*, filed by defendant Metro-North, seeks to exclude evidence of post-remedial measures under Federal Rule of Evidence 407. (*See* Dkt. No. 242.) This motion is granted. Under Rule 407, evidence of

2

subsequent remedial measures cannot be offered to prove liability for negligence. At summary judgment, the court considered evidence of Metro-North's post-remedial measures for purposes of establishing ownership or control of the area of the guardrail at issue in this case. (*See* Dkt. No. 230 at 14.) Now that Metro-North's control and corresponding duty with respect to the guardrail has been established as a matter of law, however, the parties need not—and may not—present evidence of Metro-North's post-remedial measures to the jury. Such evidence is inadmissible under Rule 407, and would also likely lead to prejudice and confusion under Rule 403.

Plaintiff argues that, despite the court's ruling on summary judgment, Metro-North has indicated that it plans to dispute its control over the guardrail at trial, or alternately plans to argue that certain repairs to the guardrail were not feasible. Metro-North is cautioned that, to the extent it insists on disputing control over the guardrail or making feasibility of repair arguments at trial, the court may allow proof of subsequent remedial measures to come in as rebuttal or impeachment evidence. *See* Fed. R. Evid. 407 (A "court may admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures.").

## CONCLUSION

This Clerk of Court is directed to terminate the motions listed as items 236 and 242 on the docket.

Trial will commence May 11, 2015 at 10:30 a.m.

SO ORDERED.

Dated: New York, New York
       May 8, 2015

_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/15

4