UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                         :

CHAN YOUNG BAK, as administrator of  :
the estate of HYANG JA BAK LEE,
deceased, and CHAN YOUNG BAK,      :
individually,
                         :

              Plaintiff,    :

          – against –        :

METRO-NORTH RAILROAD COMPANY,  :
FUSCO MANAGEMENT COMPANY, LLC,  :
ABM INDUSTRIES INC. d/b/a
ABM/ACSS SECURITY d/b/a       :
AMERICAN COMMERCIAL SECURITY
SERVICES, and TAMS CONSULTANT,  :
INC. *et al.*,
                         :

            Defendants.  :
                         :
------------------------------------------x

12-CV-3220 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/17

Before the court is plaintiff Bak-Lee's motion pursuant to Federal Rule of

Civil Procedure 26(b) seeking an order from the court determining reasonable

fees and expenses in connection with the depositions of plaintiff's expert

witnesses Mr. Victor Serby and Dr. Carl M. Berkowitz. Those reasonable fees

are to be paid by defendants Metro-North Railroad Company ("Metro-North"),

TAMS Consulting, Inc. ("TAMS"), Fusco Management Company, LLC ("Fusco"),

and ABM Industries, Inc. ("ABM") in accordance with the court's November 3,

2016 order. Plaintiff asks the court to order defendants to pay fees of

$3,023.50 to Mr. Serby and $7,999.70 to Dr. Berkowitz.

1

**Background**

In preparation for trial, plaintiff retained Mr. Serby and Dr. Berkowitz as expert witnesses. Mr. Serby and Dr. Berkowitz were deposed by defendants on October 3, 2014 and November 25, 2014, respectively.

Mr. Serby is a licensed professional engineer and a board certified forensic examiner who plaintiff retained to inspect the Metro-North train station in Bridgeport, Connecticut to investigate the cause of the accident at issue in this litigation. In his affidavit, Mr. Serby states that he spent the following time in conjunction with his deposition: four hours of preparation, three hours and fifty-five minutes being deposed, and three hours and fifteen minutes commuting. Mr. Serby generally charges $375 per hour for his professional engineering work, which he states is the standard rate for his line of work. Mr. Serby's final fee for his deposition was $3,023.50: $3,000 for his time and $23.50 for travel expenses. Mr. Serby claims that since his deposition, he has spent an additional twelve hours attempting to collect his fees. To date, Mr. Serby has been paid $1,511.76 by defendants ($755.88 from TAMS and $755.88 from Metro-North).

Dr. Berkowitz is a licensed professional engineer in New York State working in transportation, safety, and traffic engineering, with a focus on the safe movement of people. Plaintiff retained Dr. Berkowitz to assess the safety precautions taken at the Bridgeport Connecticut Metro-North Station. In his affidavit, Dr. Berkowitz says he spent the following time in connection with his deposition: thirteen hours and twenty-seven minutes preparing, one hour and

2

thirteen minutes waiting for his deposition to start, four hours and nine minutes being deposed, and six and a half hours commuting. Dr. Berkowitz states that his billing rate at the time of his deposition was $360 per hour, which he says is reasonable and typical of those with his expertise and experience. Dr. Berkowitz charged $7,999.70 in connection with his deposition. As of November 23, 2016, Dr. Berkowitz had not been paid by defendants.

On August 10, 2016, plaintiff filed a motion with the court seeking an order compelling defendants to pay Mr. Serby and Dr. Berkowitz's deposition fees. On November 3, 2016, the court ordered defendants to pay reasonable fees to both Mr. Serby and Dr. Berkowitz for their depositions. In the event the parties could not agree to reasonable fees for Mr. Serby and Dr. Berkowitz, the parties were ordered to provide the court with further information allowing the court to determine reasonable fees for each expert. On November 23, 2016, Plaintiff provided the court with affidavits from Mr. Serby and Dr. Berkowitz and their curricula vitae. Defendants have not objected to the reasonableness of the fees requested or provided any information pertaining to the reasonableness of the expert fees.

**Discussion**

The party that deposes an expert whose opinions may be presented at trial is required to pay a reasonable fee to compensate the expert for time spent in conjunction with the deposition. Fed. R. Civ. P. 26(b)(4)(E) ("Unless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery.").

3

Courts have discretion to determine reasonable fees based on the circumstances of a particular case, particularly if the parties do not provide much support for their requests. *New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 468 (W.D.N.Y. 2002).

The party seeking reimbursement of experts' deposition fees bears the burden of proving that those fees are reasonable. *Id.* Here, plaintiff asserts that the fees requested by Mr. Serby and Dr. Berkowitz are reasonable. Defendants have not objected to the fees submitted by either expert.

*I. Hourly Rates*

To determine a reasonable rate for experts, the court considers the factors set forth in *Broushet v. Target Corp.,* 274 F.R.D. 432 (E.D.N.Y. 2011): (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters. *Id.* at 433.

Both Mr. Serby and Dr. Berkowitz are experienced licensed engineers with many years of experience and strong credentials. Although plaintiff provided little information about the prevailing rates charged by engineers in this context other than the experts' own affidavits, $360 to $375 seems to be

4

within the range of reasonable hourly rates for engineers. *Burdette v. Steadfast Commons II, LLC*, 2012 WL 3762515, at *5–6 (W.D. Wash. Aug. 29, 2012) (finding $450 per hour to be a reasonable rate for a mechanical engineer); *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 497 (S.D. Iowa 1992) (finding $250 per hour to be a reasonable rate for an associate professor of mechanical and aerospace engineering 22 years ago).

Moreover, the fact that both experts billed at similar rates indicates the rate is reasonable for experts in the engineering field. *See Adams v. Mem'l Sloan Kettering Cancer Ctr.*, No. 00 Civ. 9377, 2002 WL 1401979, at *2 (S.D.N.Y. June 28, 2002) (determining reasonable fees based on the only example provided: that of the opposing parties' expert). Mr. Serby and Dr. Berkowitz stated in their affidavits that they charged plaintiff the same hourly rate as they charged defendants for the deposition. They also bill at that rate normally, indicating the rate is typical and reasonable. *See E.E.O.C. v. Johnson & Higgins, Inc.*, No. 93 Civ. 5481, 1999 WL 32909, at *5 (S.D.N.Y. Jan. 21, 1999). Further, the expert referral service Dr. Berkowitz works with generally billed him out at the same rate of $360 per hour at the time of the deposition.

The court finds both Mr. Serby and Dr. Berkowitz's billable rates to be reasonable, particularly in light of defendants' failure to object. Mr. Serby and Dr. Berkowitz's hourly rates of $375 and $360 reflect reasonable rates for experts of their qualifications in 2014, when the depositions were taken.

*II. Hours Billed*

A reasonable fee should cover the expert's time preparing for and

5

attending the deposition, and "certainly should [cover] any time during which he was unavailable to do other work, such as time spent waiting at the deposition." *McHale v. Westcott*, 893 F. Supp. 143, 151 (N.D.N.Y. 1995).

Mr. Serby requests compensation for four hours' preparation and for the time he spent attending the nearly four-hour deposition, which is eminently reasonable. *See, e.g., Marin v. United States,* No. 06 Civ. 552, 2008 WL 5351935, at *2 (S.D.N.Y. Dec. 22, 2008) (finding three hours of preparation for a two-hour deposition reasonable).

However, Mr. Serby's request that he be compensated for the 12.2 hours he apparently spent attempting to collect his fees is unreasonable. His vague request for compensation for another hour of time he has not yet expended is also too uncertain. Both requests are denied.

Dr. Berkowitz requests reimbursement for the time he spent waiting to be deposed and the length of the deposition, which amounted to five hours and twenty-four minutes. That request is reasonable.

Dr. Berkowitz's request that he be compensated for thirteen hours and twenty-seven minutes of preparation for a four hour deposition, however, is excessive. Although there is no strict rule requiring a certain limit on preparation, *see Conte v. Newsday, Inc.*, No. 06 Civ. 4859, 2012 WL 37545, at *3 (E.D.N.Y. Jan. 9, 2012), Dr. Berkowitz's preparation here is unreasonable in light of the length and complexity of his deposition. In preparation for a deposition of a similar length, Mr. Serby spent only four hours, while Dr. Berkowitz claims to have spent more than three times longer. The court

6

recognizes that some depositions may require more preparation than others, but both experts were deposed on similar matters for a nearly identical period of time, so the large discrepancy here is therefore unreasonable. *See Johnson & Higgins*, 1999 WL 32909, at *2 (finding one expert's twenty-three hours of deposition preparation excessive, especially in light of other experts' shorter preparation time).

Because Dr. Berkowitz's preparation time was excessive, the court must determine a reasonable amount of preparation time. Preparation time comparable in length to that of the deposition itself is generally reasonable. *Packer v. SN Servicing Corp.,* 243 F.R.D. 39, 43 (D. Conn. 2007) (holding that reasonable preparation time "should not exceed the duration of the deposition itself"); *see also Mannarino v. United States*, 218 F.R.D. 372, 376 (E.D.N.Y. 2003) (awarding four hours of preparation time for a three-hour deposition rather than the requested eight hours of preparation time); *Johnson & Higgins*, 1999 WL 32909, at *2 (reducing the expert's compensable preparation time from twenty-three hours to thirteen hours for a thirteen-hour deposition). The court finds eight hours of preparation time to be more reasonable given the breadth of the deposition and the complexity of the issues.

*III. Travel Expenses*

Mr. Serby and Dr. Berkowitz both request reimbursement for travel expenses associated with their depositions. Travel time and travel expenses are compensable, *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 646 (E.D.N.Y.

1997), if they are reasonable and supported by documentation, *Johnson &
Higgins*, 1999 WL 32909, at *3.

Mr. Serby claims to have included a fee for three hours and fifteen
minutes of travel time. The court fails to see how this is possible, as he charged
$3,000 for preparation and deposition time, amounting to the full amount of
his fee. Mr. Serby has not provided any information about his commute,
preventing the court from determining whether the length of time stated is
reasonable. As such, the court awards Mr. Serby no travel time compensation.

Mr. Serby also requests reimbursement for $23.50 of travel expenses.
Mr. Serby provides no explanation of how his travel expenses were incurred,
nor does he provide receipts. Mr. Serby's travel expenses are not reimbursable
under the current request due to specificity and documentation problems.

Dr. Berkowitz requests compensation for six hours and twenty-eight
minutes of travel in connection with the deposition at an hourly rate of $180
and $51.50 in travel expenses. Dr. Berkowitz's hourly travel rate of one-half of
his usual rate is reasonable. *See Mannarino*, 218 F.R.D. at 376
("[C]ompensation for travel time should be half the regular hourly amount
charged."). Dr. Berkowitz's invoice also delineates the travel charges he
incurred for parking and transportation, which amount to $51.50. That charge
is reasonable.

*IV. Total Fees*

The court finds Mr. Serby's reasonable fee for his October 3, 2014
deposition to be $3,000. Mr. Serby's fee represents eight hours expended in

8

connection with his deposition, billed at $375 per hour. Since Mr. Serby has already been paid $1,511.76 by defendants, the amount outstanding on his fee is $1,488.24.

The court finds Dr. Berkowitz's reasonable fee for his November 25, 2014 deposition to be $6,039.50. Dr. Berkowitz's fee represents thirteen hours and twenty-four minutes expended in connection with his deposition, billed at $360 per hour, six hours and twenty-eight minutes of travel, billed at $180 per hour, and $51.50 in travel expenses.

## Conclusion

For the reasons set forth above, the court directs defendants to pay fees of $1,488.24 to Mr. Serby and $6,039.50 to Dr. Berkowitz.

SO ORDERED

Dated: New York, New York
      February 7, 2017

Thomas P. Griesa
U.S. District Judge

9